EASTERN DIST.
February, 1836.

ROUQUETTE
vs.
HIS CREDITORS.

## ROUQUETTE *vs.* HIS CREDITORS.

### APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The transferee of a mortgage standing in the name of the original mortgage creditor, may exercise his right of mortgage on making proof of the transfer, without having the mortgage enregistered in his own name.

On the 25th of November, 1834, the syndic of the insolvent filed his tableau of distribution of the proceeds of the sale of the property surrendered, and took a rule for all persons interested, to show cause on or before the 8th December following, why the said tableau should not be homologated, and the creditors paid accordingly.

In the mean time, Toby made opposition on the ground that he was the holder of two promissory notes, for one

thousand dollars each, payable to Beranger, and by him <span>Eastern Dist.</span> endorsed to this opponent. That when said notes were <span>*February*, 1836.</span> executed to Beranger, a mortgage was taken on six lots of <span>ROUQUETTE</span> ground to secure the payment thereof. This property was <span>*vs.*</span> <span>HIS CREDITORS.</span> sold by the syndic, and the proceeds are in his hands. Toby alleges he is subrogated to all the rights of the mortgagee, Beranger. He had judgment to be placed on the tableau as a privileged and mortgaged creditor, and to be paid accordingly out of the proceeds of the mortgaged property. The syndic appealed.

*Canon*, for the appellant.

*Carleton* and *Lockett*, contra.

*Martin, J.*, delivered the opinion of the court.

This case comes before us on the decision of the Parish Court, on an opposition filed by T. Toby, to the tableau of distribution made by the syndic of the insolvent. The court ordered Toby to be placed on the tableau as a mortgage creditor, which recognised his lien or privilege on the proceeds of the sale of certain property which had been mortgaged to him. From this decision, the syndic appealed to this court. His counsel contends that the Parish Court erred in the decision it gave.

It appears from the facts exhibited in the case, that the mortgage in question stands recorded in the name of the original mortgagee, to whose right Toby claims to have been subrogated, as purchaser or transferee of the debt, which was secured by the mortgage. It is urged in argument, that Toby ought to have caused an inscription of the mortgage to be made in his name, in order to entitle him to its advantages and benefits.

We are of opinion the Parish Court did not err in the conclusion to which it came. We consider it perfectly legal, that when a mortgage stands enregistered in the name of the original creditor, any person on making proof of his having

<span>The transferee of a mortgage, standing in the name of the original mortgage creditor, may exercise his right of mortgage, on making proof of the transfer, without having the mortgage enregistered in his own name.</span>

succeeded to the rights of the latter in and to the mortgaged premises, may exercise such rights.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.